UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KAPPA PRINTING GROUP, LLC,      :
          Plaintiff,      :
                 :        **OPINION AND ORDER**
v.                       :
                 :        17 CV 7511 (VB)
ARCHIE COMIC PUBLICATIONS, INC.,      :
          Defendant.      :
------------------------------------------------------------x

Briccetti, J.:

Plaintiff Kappa Printing Group, LLC ("Kappa Printing"), brings this action against

defendant Archie Comic Publications, Inc. ("Archie"), for account stated, breach of contract, and

quantum meruit, alleging Archie failed to pay $876,409.82 for printing services provided by

Vanguard Graphics, LLC, d/b/a Vanguard Printing ("Vanguard"), which sold Archie's accounts

receivable to Kappa Printing.

Before the Court is Archie's motion to dismiss the second amended complaint ("SAC")

or, in the alternative, for leave to conduct limited jurisdictional discovery, pursuant to Rule

12(b)(1).  (Doc. #22).

For the following reasons, Archie's motion is DENIED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1332.

## BACKGROUND

For the purpose of deciding the pending motion, the Court accepts as true all well-

pleaded factual allegations in the SAC and draws all reasonable inferences in plaintiff's favor, as

set forth below.

Archie is a New York corporation with its principal place of business in Pelham, New

York.  Vanguard is a New York limited liability company with its principal place of business in

Ithaca, New York.  From March 31, 2016, until January 31, 2017, Steven Rossi, a New York

1

resident, owned forty percent of Vanguard, and Kappa Media LLC ("Kappa Media"), a Pennsylvania limited liability company, owned sixty percent. Nicholas Karabots, a resident of Fort Washington, Pennsylvania, is the sole member of Kappa Media. On January 31, 2017, Kappa Media purchased an additional thirty percent of Vanguard's equity from Rossi, leaving Rossi with a ten percent interest.

On August 31, 2017, Kappa Litho, a Pennsylvania limited liability company with four members, purchased Rossi's remaining ten percent interest in Vanguard. Kappa Litho's members are residents of Pennsylvania and New Jersey. Karabots is Kappa Litho's controlling member.

On March 13, 2015, Archie engaged Vanguard to print its comic books and other publications. From October 5, 2016, through July 31, 2017, Vanguard invoiced Archie $921,309.65 for printing services. On September 11, 2017, Kappa Printing, which Karabots also owns, purchased Archie's accounts receivable for the full amount of $921,309.65 to provide further liquidity to Vanguard. Moreover, according to Kappa Printing, it "is the sole legal and beneficial owner of the accounts receivable, plus interest, owed by Archie. Any payment of Archie's debt will go to Kappa Printing, and Kappa Printing will not—and is under no legal obligation to—remit any portion of that payment to Vanguard." (SAC ¶ 26). Kappa Printing further claims, "Vanguard has no right or authority to control any aspect of this litigation or the resolution of the dispute between Kappa Printing and Archie." (Id.).

Since Kappa Printing's purchase of Archie's debt, Archie has paid $44,899.83 to Vanguard, which transferred the funds to Kappa Printing. Kappa Printing commenced this action on October 2, 2017, seeking recovery of the remaining $876,409.82, plus interest.

**DISCUSSION**

I.  Legal Standard

"'It is a fundamental precept that federal courts are courts of limited jurisdiction' and lack the power to disregard such limits as have been imposed by the Constitution or Congress." Durant, Nichols, Houston, Hodgson, & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62 (2d Cir. 2009) (quoting Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978)). "A 'case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it.'" Nike, Inc. v. Already, LLC, 663 F.3d 89, 94 (2d Cir. 2011) (quoting Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000)). The party invoking the Court's jurisdiction bears the burden of establishing that jurisdiction exists. Conyers v. Rossides, 558 F.3d 137, 143 (2d Cir. 2009).

When deciding whether subject matter jurisdiction exists at the pleading stage, the Court "must accept as true all material facts alleged in the complaint and draw all reasonable inferences in the plaintiff's favor." Conyers v. Rossides, 558 F.3d at 143. "However, argumentative inferences favorable to the party asserting jurisdiction should not be drawn." Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992) (citing Norton v. Larney, 266 U.S. 511, 515 (1925)). When a factual challenge to the Court's jurisdiction has been raised, "the court may resolve [any] disputed jurisdictional fact issues by referring to evidence outside of the pleadings, such as affidavits." Zappia Middle E. Constr. Co., Ltd. v. Emirate of Abu Dhabi, 215 F.3d 247, 253 (2d Cir. 2000).

II.     Subject Matter Jurisdiction

A.     Section 1359

Archie argues Kappa Printing's purchase of Archie's accounts receivable from Vanguard was undertaken for the sole purpose of creating federal diversity jurisdiction in violation of 28 U.S.C. § 1359.

The Court disagrees.

 "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between . . . citizens of different states. 28 U.S.C. § 1332(a)(1). A limited liability company has the citizenship of each of its individual or entity members. See Handelsman v. Bedford Vill. Assocs. Ltd. P'ship, 213 F.3d 48, 552 (2d Cir. 2000). However, "[a] district court shall not have jurisdiction of a civil action in which any party, by assignment or otherwise, has been improperly or collusively made or joined to invoke the jurisdiction of such court." 28 U.S.C. § 1359. Section 1359 is construed "'broadly to bar any agreement whose "primary" aim is to concoct federal diversity jurisdiction.'" Catskill Dev., LLC v. Park Place Entm't Corp., 547 F. 3d 115, 124 (2d. Cir. 2008) (quoting Airlines Reporting Corp. v. S & N Travel, Inc., 58 F.3d 857, 862 (2d Cir. 1995)).

Section 1359 does not apply here because Kappa Printing's purchase of Archie's accounts receivable did not create diversity jurisdiction. As of August 31, 2017, when Rossi sold his remaining equity in Vanguard to Kappa Litho, Vanguard was a citizen of Pennsylvania and New Jersey. Thus, as Archie does not allege that Kappa Litho's purchase of Rossi's equity in Vanguard was collusive, the Court would have had diversity jurisdiction over a claim between Vanguard and Archie, a citizen of New York.

Accordingly, the Court has subject matter jurisdiction over plaintiff's claims. If, however, Archie obtains evidence during discovery that Rossi's sale of his equity in Vanguard and Vanguard's sale of Archie's accounts receivable were both collusive, Archie may renew its motion to dismiss for lack of subject matter jurisdiction.

B.       Jurisdictional Discovery

Archie also argues it is entitled to limited jurisdictional discovery because the SAC fails to allege sufficiently the citizenship of the members of Vanguard as of the date the complaint was filed. Rather, Archie argues, the SAC merely alleges Vanguard's citizenship as of August 31, 2017.

Kappa Printing submitted an affidavit along with its opposition sufficiently setting forth the citizenship of Vanguard's members.

Accordingly, Archie is not entitled to limited jurisdictional discovery.

## CONCLUSION

Archie's motion to dismiss or, in the alternative, for leave to conduct limited jurisdictional discovery, is DENIED.

Archie shall file an answer by June 18, 2018.

The Clerk is instructed to terminate the motion. (Doc. #22).

Dated: June 4, 2018
        White Plains, NY

SO ORDERED:

Vincent L. Briccetti
United States District Judge